# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-854-RWS |
| | ) | |
| WAYNE ALLRED, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to commence this action without prepayment of the filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, after carefully reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## Discussion

Plaintiff brings this action, titled "Suit in Common Law A Seventh and Eleventh Amendment Right," for monetary damages against defendant Wayne Allred. Having carefully reviewed the complaint, the Court finds it impossible to ascertain the nature of plaintiff's allegations.[1]

---

[1] The complaint is basically a list of random phrases, such as "Suit in law, matter in controversy Deprivation of Entitlements, Deprivation of rights secured by the Constitution, Truss-pass, denial of Due Process, Interference with the Right to Contract." In addition, plaintiff claims that he is "a Soul Sentient Real Man with unimaginable entitlements" and states that "the rules of any Corporation and or policy/and or procedures were not meant for me the real man." The Court finds no allegations against the named defendant, Wayne Allred. In addition, plaintiff has attached an affidavit to the complaint in which he attests that he is the "executor of the deceased Artificial entity" and that he has "not been lost at sea, that [he is] not at

2

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2)(complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the complaint is nonsensical, the Court will dismiss this action as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

this present time lost at sea, and that [he] shall never be construed, considered, and or conjured to be lost at sea."

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of May, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE